UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

RICHARD A. LARSEN, III,                )
                                       )
    Plaintiff,                         )
                                       )
v.                                     )     1:21-cv-00096-JDL
                                       )
JUDGE NELSON, et al.,                  )
                                       )
    Defendants                        )

## RECOMMENDED DECISION AFTER REVIEW OF PLAINTIFF'S COMPLAINT

Plaintiff seeks to assert a claim against three state court judges evidently based on the judges' decisions in one or more state court proceedings. (Complaint, ECF No. 1.)

In addition to his complaint, Plaintiff filed an application to proceed in forma pauperis (ECF No. 17), which application the Court granted. (ECF No. 19.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).

Following a review of Plaintiff's complaint, I recommend the Court dismiss the complaint.

## STANDARD OF REVIEW

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or

malicious" or "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011).  A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  This is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim, *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

## DISCUSSION

Plaintiff's claim against the judges is barred by the doctrine of judicial immunity. "Judges have absolute immunity … because of the special nature of their responsibilities." *Butz v. Economou*, 438 U.S. 478, 511 (1978).  The "absolute" nature of judicial immunity is reflected in the Supreme Court's explanation that judicial immunity is "not overcome by

2

allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Even "grave procedural errors" are not enough to support a claim against a judge. *Stump v. Sparkman,* 435 U.S. 349, 359, (1978)). Whether judicial immunity exists is determined by the nature of the act complained of, rather than the simple fact that the defendant is a judge. *Forrester v. White*, 484 U.S. 219, 227 (1988) (observing that "immunity is justified and defined by the *functions* it protects and serves, not by the person to whom it attaches"). Relevant to this case is the principle that judicial immunity serves, primarily, "as a device for discouraging collateral attacks and thereby helping to establish appellate procedures as the standard system for correcting judicial error." *Id.* at 225. Additionally, judicial immunity serves to "protect[] judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants." *Id.* Where a litigant seeks to hold a judge liable based on the judge's prior rulings and determinations, therefore, judicial immunity will bar the claim.

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915, I recommend the Court dismiss Plaintiff's complaint.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 1st day of July, 2021.